NUMBER 13-04-00626-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________
 
IN RE: CALVIN WAYNE COPELAND
__________________________________________________________________

On Petition for Writ of Mandamus
___________________________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Garza
Per Curiam Memorandum Opinion




         On December 16, 2003, Relator Calvin Wayne Copeland filed a petition for writ
of mandamus in cause number 13-03-736-CV requesting that his trial court civil action
be removed to this Court. See In re Copeland, No. 13-03-736-CV, 2004 Tex. App.
LEXIS 2105, *1-*2 (Tex. App.–Corpus Christi 2004). In his petition relator
complained, in part, that the real parties in interest, Ernest Guajardo and E-Z Bonding,
had not filed answers to discovery requests and that the trial court passed his motions
for default judgment and summary judgment due to his incarceration. See id. In their
response, real parties in interest asserted that although relator had filed discovery and
a motion for summary judgment with the Victoria County district clerk, relator had
effected service of neither real party. See id. On March 24, 2004, we denied relator's
petition for writ of mandamus. See id.
         On November 15, 2004, relator again filed a petition for writ of mandamus
reasserting grounds raised in his December 2003 petition. In this petition relator
requests that this Court grant a default or summary judgment in his favor because: 
(1) real parties in interest, Ernest Guajardo and E-Z Bonding, have not answered the
lawsuit and have not filed answers to discovery requests; (2) the trial court passed his
motions for default judgment and summary judgment in July 2004 and again in
October 2004; and (3) he believes there have been "unlawful actions" in the case and
he is being denied use of the court.
         Mandamus relief is appropriate only to correct a clear abuse of discretion or the
violation of a duty imposed by law, and when there is no adequate appellate remedy. 
CSR Ltd. v. Link, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding); Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator presents
nothing new for our review in this petition for writ of mandamus. Therefore, this
Court, having examined and fully considered relator's petition for writ of mandamus,
is of the opinion that relator has not shown himself entitled to the relief sought. 
Accordingly, relator's petition for writ of mandamus filed on November 15, 2004, is
DENIED. See Tex. R. App. P. 52.8(a).

                                                                                          PER CURIAM

Memorandum Opinion delivered and filed
this 30th day of November, 2004.